RYAN L. DENNETT, ESQ.
Nevada Bar No. 005617
JEFFREY L. GALLIHER, ESQ.
Nevada Bar No. 008078
jgalliher@dennettwinspear.com
**DENNETT WINSPEAR, LLP**
3301 N. Buffalo Drive, Suite 195
Las Vegas, Nevada  89129
Telephone:     (702) 839-1100
Facsimile:      (702) 839-1113
***Attorneys for Plaintiff,
ERIC E.  DAHL***

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ERIC E. DAHL, an individual, | CASE NO. |
| Plaintiff, | |
| vs. | |
| TOYOTA MOTOR SALES USA, INC., a California corporation; SAATCHI & SAATCHI NORTH AMERICA, INC. a Delaware corporation; SMUGGLER, INC ., a California corporation, DOES I  through X; and ROE CORPORATIONS I through X, inclusive | **Jury Trial Demanded** |
| Defendants. | |

**COMPLAINT**

COMES NOW Plaintiff, ERIC E. DAHL, by and through his attorneys of record of the law firm of DENNETT WINSPEAR, LLP, and hereby complains and alleges against Defendants as follows:

**I.**

**PARTIES AND JURISDICTION**

1. That at all times mentioned herein, Plaintiff, ERIC E. DAHL, (hereinafter "Dahl" or "Plaintiff") was a resident of the State of Nevada or the State of Tennessee.

2. That at all times mentioned herein, Defendant, TOYOTA MOTOR SALES USA, INC., (hereinafter "Toyota" or "Defendant") was and is, upon information and belief,

1  a corporation duly formed and existing under the laws of California with its principal

2  place of business at 19001 South Western Avenue, Torrance, California 90501.

3       3.     That at all times mentioned herein, Defendant, SAATCHI & SAATCHI

4  NORTH AMERICA, INC., (hereinafter "Saatchi" or "Defendant") was and is, upon

5  information and belief, a corporation duly formed and operating pursuant to the laws of

6  Delaware with its principal place of business at 3501 Sepulveda Blvd., Torrance,

7  California 90505.

8       4.     That at all times mentioned herein, Defendant, SMUGGLER, INC.,

9  (hereinafter "Smuggler" or "Defendant") was and is a corporation duly formed and

10 operating pursuant to the laws of California with its principal place of business at 823

11 Seward Street, Los Angeles, California 90038.

12      5.     That the true names and capacities, whether individual, corporate,

13 associate, or otherwise, of Defendants as herein alleged as DOES 1 through 20, and

14 ROE COMPANIES 1 through 20, are unknown to Plaintiff who therefore sues said

15 Defendants by such fictitious names. Plaintiff is informed and believes and thereon

16 alleges that each of the Defendants designated herein as DOE is responsible in some

17 manner for the events and happenings referred to and caused damages proximately to

18 Plaintiff as herein alleged, and Plaintiff will ask leave of the Court to amend the

19 Complaint to insert the true names and capacities of DOES 1 through 20, ROE

20 COMPANIES 1 through 20, and ROE CORPORATIONS 1 through 20, when the same

21 have been ascertained, and join such Defendants in this action.

22      6.     This Court has original and subject matter jurisdiction of this action under

23 28 USC §1338(2) because the action arises under the Copyright Act, 17 USC §§ 101 et

24 seq. and under 28 USC §1332 as the Plaintiff and Defendants, and each of them, are

domiciled in different states and the amount in controversy exceeds $75,000.00. The court has personal jurisdiction over the defendants pursuant to NRS 14.065 as such jurisdiction is not inconsistent with the United States or Nevada Constitutions.  Venue is proper because this action relates to and arises out of conduct which occurred, in whole or in part, in the County of Clark, State of Nevada.

II.

**GENERAL ALLEGATIONS**

7. In 2013 Plaintiff authored a book titled "B.B. King's Lucille and the Loves Before Her" (hereinafter, "the Book.")

8. The Book was Copyrighted by Plaintiff Eric E. Dahl under Registration Number TX 7-912-552 with the United States Copyright Office.  A true and correct copy of the U.S. Copyright registration is attached hereto.  Since the effective date of the Copyright registration Plaintiff has offered the book for sale to the public through various retail outlets.

9. In Chapters 25, 26 and 27 of the Book the Plaintiff tells a very specific story wherein he discovered and purchased a Gibson Lucille guitar in a pawn shop in Las Vegas in 2009 for $2,161.99.  He further describes his efforts in determining the origin of the guitar.  Ultimately, he established that the Gibson Lucille purchased by Plaintiff was the original "Prototype 1" 80th Birthday Gibson Lucille which had been presented to B.B. King on the occasion of his 80th birthday in 2005.  Mr. King had used that guitar in his performances between 2005 and the summer of 2009 when the guitar was stolen from his home.  Plaintiff agreed to return the guitar to Mr. King without compensation and a meeting was arranged in November of 2009 where the Plaintiff went to Mr. King's office and presented the recovered guitar to Mr. King personally.  In appreciation, Mr. King had

3

1  arranged to have another Gibson Lucille present which he autographed and gifted to

2  Plaintiff during the meeting.

3      10.  In 2014 Toyota began broadcasting a certain television advertisement for

4  the 2015 Toyota Camry ("the Ad") as part of its "Bold" campaign.  Upon information and

5  belief the Ad was conceived, developed and executed by defendant Saatchi pursuant to

6  an agreement with Toyota.  Upon further information and belief the Ad was produced by

7  defendant Smuggler pursuant to an agreement with Saatchi and/or Toyota.

8      11.  The Ad, which was created for commercial use, presented an adapted

9  visual interpretation of the story contained in Chapters 25, 26 and 27 of the Book.

10 Specifically, the Ad depicts a young woman who purchases a storage unit and,

11 according to the voice over narration, "found an old guitar" (with "Lucille" written on it),

12 "tracked down the previous owner" (who was B.B. King) "reunited them" and "hit the

13 jackpot" (when she was gifted with an autographed guitar by Mr. King in return).

14     12.  Upon information and belief representatives of Gibson who were aware of the

15 story of Plaintiff finding and returning B.B. King's Lucille, and that he had published and

16 copyrighted the story, worked with defendants in developing the Ad.  Those

17 representatives have communicated to the Plaintiff that the Ad was, in fact, based upon

18 Plaintiff's story.  As a result the defendants had access to the story as related in the

19 Book.

**III.**

**FIRST CLAIM FOR RELIEF**

**(Copyright Infringement)**

13.  Plaintiff hereby incorporates Paragraphs 1 through 12 of the Complaint as though said paragraphs were fully set forth and incorporates the same herein by reference.

4

14. That the Ad constitutes a derivative work of the copyrighted work as defined in 17 USC §101 and was for commercial use.

15. That pursuant to 17 USC §106(2), as the author and registered copyright holder of the Book, Plaintiff has the exclusive right to create derivative works from his copyrighted material, including the Book.

16. That the creation and publication of the Ad constitutes an unauthorized infringement upon Plaintiff's copyright.

17. That the Plaintiff has not issued or otherwise granted a license or other permission to the Defendants or others to use his copyrighted work for any purpose.

18. That Plaintiff is entitled to recover damages from the Defendants, and each of them, in an amount equal to any profits of the Defendants attributable to the infringement pursuant to 17 USC §504(b) or, statutory damages up to $150,000.00 per Defendant in accordance with 17 USC 504(c) in an amount to be determined at trial

19. That it has been necessary for Plaintiff to retain the services of an attorney to prosecute this action, and Defendants should be required to pay reasonable attorneys' fees and costs of prosecuting same.

## IV.

## SECOND CLAIM FOR RELIEF

**(Attorneys Fes and Costs)**

20. Plaintiff hereby incorporates Paragraphs 1 through 19 of the Complaint as though said paragraphs were fully set forth and incorporates the same herein by reference.

21. Defendants' conduct has made it necessary for Plaintiff to file the instant action in defense of his copyrights in the Book.

22. Pursuant to 17 USC §505 Plaintiff is entitled to recover his reasonable costs and attorneys fees incurred in the prosecution of this action.

23. That it has been necessary for Plaintiff to retain the services of attorneys to prosecute this action, and Defendants should be required to pay reasonable attorneys' fees and costs of prosecuting same.

## V.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For injunctive relief preventing and restraining defendants from further infringement pursuant to 17 §USC 502.

1. For general damages in an amount in excess of $75,000.00 pursuant to 17 USC §504(b);

2. For statutory damages in an amount in excess of $75,000.00 pursuant to 17 USC §504(c);

2. For the costs of suit incurred herein pursuant to 17 USC §505;

3. For reasonable attorney's fees incurred herein pursuant to 17 USC §505;

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

6

4. For interest on said damages at the statutory rate;

5. For such other and further relief as the Court deems just and proper.

DATED this _____ day of October, 2014.

                **DENNETT WINSPEAR, LLP**

                      */s/ Jeffrey L. Galliher*
By_____
RYAN L. DENNETT, ESQ.
Nevada Bar No. 005617
JEFFREY L. GALLIHER, ESQ.
Nevada Bar No. 008078
3301 N. Buffalo Drive, Suite 195
Las Vegas, Nevada  89129
Telephone:   (702) 839-1100
Facsimile:    (702) 839-1113
***Attorneys for Plaintiff,***
***ERIC E. DAHL***

7

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5 and LR 5-1, I certify that I am an employee of DENNETT WINSPEAR, LLP, and that on the _____day of October, 2014 the foregoing was served upon the parties via CM/ECF and U.S. Mail by depositing a true and correct copy thereof in the U.S. Mail, first class postage prepaid and addressed to the following parties:

_____
An Employee of DENNETT WINSPEAR, LLP