Mark A. Hutchison  (4639)
Jacob A. Reynolds  (10199)
Hutchison & Steffen, LLC
10080 West Alta Drive, Suite 200
Las Vegas, NV  89145
Telephone No:  702.385.2500
Facsimile No:  702.385.2086
mhutchison@hutchlegal.com

Michael Dockterman  (*pro hac vice to be filed*)
Thomas Holt  (*pro hac vice to be filed*)
Olivia St. Clair  (*pro hac vice to be filed*)
STEPTOE & JOHNSON, LLP
115 South LaSalle Street, Suite 3100
Chicago, IL  60603
Telephone No:  312.577.1300
Facsimile No:  312.577.1370
mdockterman@steptoe.com

*Attorneys for Defendants*
*Toyota Motor Sales USA, Inc., Saatchi & Saatchi*
*North America, Inc., and Smuggler, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ERIC E. DAHL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>TOYOTA MOTOR SALES USA, INC., A California corporation, SAATCHI & SAATCHI NORTH AMERICA, INC., a Delaware corporation; SMUGGLER, INC., a California corporation, DOES 1 through X; and ROE CORPORATIONS 1 through X, inclusive,<br><br>Defendants. | Case No.: 2:14-cv-01737-JCM-PAL<br><br><br><br><br>DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6). |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## POINTS AND AUTHORITIES

Defendants, Toyota Motor Sales USA Inc., Saatchi & Saatchi North America, Inc., and Smuggler, Inc. (collectively, "Defendants") submit the following Points and Authorities in further support of their motion to dismiss the complaint of Plaintiff Eric E. Dahl ("Plaintiff" or "Mr. Dahl") pursuant to Fed. R. Civ. P. 12(b)(6).

## PRELIMINARY STATEMENT

Plaintiff's Response to Defendants' Motion to Dismiss (the "Response"), like his Complaint, fails to identify any elements in his book, "B.B. King's Lucille and the Loves Before Her" (the "Book"), that form the basis of a valid copyright infringement claim.  Instead, he persistently describes the fact pattern of a real-life event as though it were a product of his own creativity and artistic discretion.  Even at the pleading stage, Plaintiff must do more; his failure to identify the copyrightable components of his Book renders the Complaint a bare recitation of baseless allegations that falls far short of the pleading standards of Fed. R. Civ. P. 8, and warrants dismissal under Rule 12(b)(6) for failure to state a claim on which relief can be granted. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557.

Without any legal basis, Mr. Dahl urges this Court to construe the events of his life as protectable creative expression and ignore what they are: mere facts.  Of course, there is no authority to support the notion that a person holds a copyrightable interest in factual events, even of his own life.  This is true even where, as here, that person has memorialized those factual events in writing.  It is a fundamental tenet of copyright law that only a creator's original, creative expression is eligible for copyright protection, and that facts and ideas are not.  "The mere fact that a work is copyrighted does not mean every element of the work may be protected . . . copyright protection may extend only to those components of a work that are original to the

author." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 348 (1991).  And even if these events were protected material under the copyright law, which they clearly are not, Plaintiff has failed to allege the other essential element of a copyright claim, that Defendants had access to his Book before they created the 2015 Toyota Camry commercial (the "Ad").  *See, e.g. Rice v. Fox Broad. Co.,* 330 F.3d 1170, 1174 (9th Cir. 2003).  In short, Plaintiff failed to plead the necessary elements of a copyright infringement claim in his Complaint, and his Response fails to explain away those deficiencies.  This Court should dismiss the Complaint.

### ARGUMENT

### A.  PLAINTIFF'S RESPONSE FAILS TO EXPLAIN WHY THE AD INFRINGES HIS OWN CREATIVE EXPRESSION AND BECAUSE IT DOES NOT THE COMPLAINT MAY NOT STAND.

As noted in Defendants' Motion to Dismiss, Plaintiff's Complaint does not even attempt to articulate any concrete elements of his Book that Defendants have allegedly infringed; so Plaintiff tries, but fails, to do so for the first time in his Response.  But Mr. Dahl's factual description of the elements surrounding his encounter with B.B. King is not his own creation:  it is something that actually happened and therefore something he does not own and cannot copyright.  Indeed, the entirety of Plaintiff's argument that the Book is substantially similar to the Ad rests on the false premise that the factual elements within the Book are protectable, copyrighted content.  That is not the law.  A copyright claim like this one requires Plaintiff to show "copying of constituent elements of the work *that are original.*"  *Feist Publ'ns,* 499 U.S. at 361 (emphasis added).  Copyright protection extends only when the works are "substantially

similar *in their protected elements.*"  *Cavalier v. Random House, Inc.,* 297 F.3d 815, 822 (9th Cir. 2002)(emphasis added).[1]

In an effort to circumvent these limitations of copyright protection, Plaintiff argues that the "sequence of events" is so substantially similar that the "plot, themes, dialogue, mood, setting, pace, [or] characters," which Plaintiff concedes in his Response must be substantially similar for him to prevail, are less important.  (Doc. 20, Resp. at 4.)  The argument fails on every level.  First, factually, each and every feature of the story that Plaintiff identifies as an "essential, concrete element" is a fact that actually happened in Mr. Dahl's life, and not a creation of Mr. Dahl's.  Second, what Plaintiff identifies as "Plot" is not a literary device — a choice by Mr. Dahl as the author of a creative work — but rather a series of events that actually occurred.  (Doc. 20, Resp. at 8.)  Third, the "Characters" of the Book to which Plaintiff refers are not invented characters, but are the actual people—Eric Dahl and B.B. King—who participated in the event, just as the guitar in the Book is an actual "Lucille" guitar that Plaintiff actually found, bought, and returned to B.B. King.  (Doc. 20, Resp. at 8.)  Finally, Mr. Dahl did not make the creative decision to set his story in Las Vegas or invent the notion that Mr. King would sign and return a guitar.  These story elements exist as they actually occurred.

Setting aside for the moment the implausible argument that because a copyright issued for the Book *everything in it must be protected,* the real issue is whether the Ad is substantially similar in plot, theme, mood, setting, dialogue or pace to the Book.  It is not.  The Ad employs literary devices including plot, characters, mood, a setting, and a theme, to tell a story in 30

---

[1] This Court may determine as a matter of law that works are not substantially similar. *Funky Films, Inc. v. Time Warner Entm't Co. L.P.*, 462 F. 3d 1072, 1081 (9th Cir. 2006).  When the Court concludes there is no substantial similarity between the *protected contents* and the allegedly infringing work, the Court should dismiss the complaint on the pleadings.  *Zella v. E.W. Scripps Co.*, 529 F. Supp. 2d 1124, 1130-31 (C.D. Cal 2007).

seconds.  Taken together, these elements sell the "Bold" new 2015 Toyota Camry by conveying a specific message:  "One bold choice leads to another."

Taking nothing away from Plaintiff's Book, it simply does not encourage boldness in any way.  Its theme is persistence; its mood is commercial; its setting is the tawdry pawn shop world of Las Vegas; its dialogue is tendentious; its result is exactly what Mr. Dahl hoped for; and its pace is glacial.  The Book's male protagonist, Mr. Dahl himself, frequently scoured Las Vegas pawn shops for music memorabilia.  A broker with whom Mr. Dahl did business repeatedly eventually offered him a guitar marked "80."  After Mr. Dahl attempted to ascertain its origin, he was advised that the guitar had belonged to B.B. King.  When Mr. Dahl returned the guitar, the Book relates that he received exactly what he had sought from the outset:  a guitar autographed by a famous artist.

In contrast, the Ad features a female protagonist who departs from her usual habit to buy a storage locker which she is surprised to learn still has all of its contents, including a guitar marked "Lucille."  She takes the guitar to a concert to give to the performer, is surprised to learn that it belongs to a famous artist who instead autographs it for her, and gives it back.  There is no dialogue.  The entire Ad takes place in less than 30 seconds.  It plays on the current "Storage Wars" mania, and suggests nothing of the show world of Las Vegas.  Discovery of the instrument is a surprise that leads to a happy ending.  The theme of the Ad is the "bold choices" the female protagonist makes:  she takes chance after chance and ends up with an unexpected lucky result.  A professional who deals in music memorabilia daily is far less lucky to find an article of valuable memorabilia; in fact, finding it is exactly the result he has worked and planned for.  Even if all of the Book was a work of fiction, and it is not, the two works are not substantially similar.

The Response makes plain that every single one of the "concrete" elements described in the Response is a fact that happened whether or not Mr. Dahl included it in the Book: (1) Mr. Dahl obtained a Gibson "Lucille" guitar; (2) Mr. Dahl "tracked down the previous owner;" (3) the previous owner was B.B. King; (4) B.B. King was reunited with his "Lucille" guitar; (5) B.B. King rewarded Mr. Dahl with an autographed guitar. Mr. Dahl did not create any of these elements. They actually occurred in his life, and they occurred in that order. Plaintiff cannot argue substantial similarity of the "themes, dialogue, [and] mood" beyond the "basic plot ideas for stories" that the Ninth Circuit said in *Funky Films* cannot make out a copyright claim. 462 F.3d at 1077. Put simply, "bold choices," a theme conveyed without dialogue, has nothing to do with Plaintiff's story, and the mood of the Book and of the Ad, respectively, are entirely different. Plaintiff's argument that the Book's "sequence of events" is nevertheless protected has been consistently rejected by the Ninth Circuit: *Funky Films* at 1077 (a family-run funeral home); *Kouf v. Walt Disney Pictures and Tele.,* 16 F.3d 1042, 1044-45 (9th Cir. 1994)(neighboring families); and *Berkic v. Crichton,* 761 F.2d 1289, 1291-92 (9th Cir. 1985)(criminal organizations that murder healthy young people for body parts). It is a fact that the artist in both the Book and the Ad is B.B. King, but the Ninth Circuit cases say that is not enough. Plaintiff does not attempt to address, let alone distinguish, any of these cases because the law is clear that the "sequence of events" argument is not enough to overcome Plaintiff's absolute failure to show copying of any *creative* element of the story.

*Feist Publ'ns* teaches that copyright law protects only a creator's original, creative expression; facts and ideas are not protected. 499 U.S. at 348. For this reason, copyright protection for works based on facts, including biographical events, is extremely limited; a contested work gives rise to an infringement claim only if it is "virtually identical" to the work

that was allegedly infringed, precisely because most of the content in a fact-based work is not protectable.  *Apple Computer, Inc. v. Microsoft Corp.,* 35 F.3d 1435, 1446-47 (9th Cir. 1994).

The only common element between the Book and the Ad that is not a real-life *fact* is the *idea* of someone finding a famous instrument and returning it to its owner.  But, ideas cannot be copyrighted, and the idea of a person who finds a famous musician's instrument and returns it is a common one, as evidenced by the fact it has happened more than ten other times that are known to the public. (*See* Doc. 18, Decl. of Tanya H. Miari at ¶4(a)[2]).[3]  The Response makes exactly the error contemplated in *Apple*, which holds that the party claiming infringement may place "no reliance upon any similarity in expression resulting from un-protectable elements." *Apple Computer,* 35 F.3d at 1446.  Plaintiff's failures to describe any copyrightable portions of his Book make his claims of copyright infringement bare and unsupported by any factual matter that would "state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. 544, 557. Although Plaintiff says that the Ad and the Book are virtually identical (Doc. 20, Resp. at 10), saying it does not make it so.  Plaintiff's insistence that Defendants have infringed on his copyright is nothing more than his unsupported legal conclusion.  A Complaint made up only of legal conclusions cannot survive.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Twombly* at 555.)

////

////

---

[2] The Miari Declaration (Doc. 18) erroneously included two paragraphs numbered "3."  The second paragraph "3" is also the last numbered paragraph, and is therefore referred to here, and cited herein, as it should have been identified originally – i.e. as paragraph "4."

[3] Mr. Dahl argues that Defendants point out how common this story is in order to undermine the "originality" of the Book.  In point of fact, Mr. Dahl's "story" about the guitar is not "original;" it is not fiction that Mr. Dahl invented from his creative process, but something that happened to him, just as it has happened to many others.  The series of events that actually happened to Mr. Dahl is not subject to copyright protection.

**B.  PLAINTIFF'S RESPONSE IMPROPERLY ATTEMPTS TO OFFER EVIDENCE THAT DEFENDANTS ACCESSED HIS COPYRIGHTED WORK WHEN ACCESS TO FACTS DOES NOT CREATE A CLAIM.**

To plead a viable claim of copyright infringement, Plaintiff must allege that Defendants had access to his Book.  *Cavalier*, *supra,* at 822.  Plaintiff's Response improperly attempts to supplement the insufficient allegations of access in Paragraph 12 of his Complaint by referring to an exhibit that was not included with the Complaint.  (Doc. 20, Resp. at 6-7.)  The Court "may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion."  *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  Rule 12(b)(6) requires this Court to exclude from consideration Exhibit B of Plaintiff's Response ("Exhibit B") when ruling on Defendants' Motion to Dismiss.

At bottom, an assumption for purposes of the Motion to Dismiss that Defendants "copied" facts from the Book does not make unprotectable elements of the Book protectable.  Nor does it make dissimilar themes, dialogue, mood and characters substantially similar under the copyright laws.  Even assuming access to the *events themselves* on this Motion to Dismiss, Mr. Dahl has not alleged access to any protected creative content, and it is access to the protected creative content rather than the facts of an event that is critical in deciding copyright infringement.

Nor does Exhibit B change the legal analysis on this Motion to Dismiss.  The Complaint alleges that a Gibson representative stated that the Ad was "based upon Plaintiff's story."  (Doc. 1, Compl. ¶12.)  This statement, assumed to be true for purposes of the Motion to Dismiss, still contributes nothing to Plaintiff's claim.  Defendants do not deny that both the Ad and the Book deal with one of B.B. King's guitars or that they both include as elements the return of an instrument.  But if Plaintiff were to have his way, no one could ever tell a story about a lost "Lucille" guitar without infringing Mr. Dahl's copyright.  And where would Plaintiff have it

end?  Could no one ever tell a story about Mr. King autographing a guitar without infringing Mr. Dahl's copyright; could no one could ever tell a story about a lost guitar being returned to its owner without infringing Mr. Dahl's copyright; could no one ever tell a story about finding an instrument in a Las Vegas pawn shop without infringing Mr. Dahl's copyright?  Taken to its extreme, no one in Las Vegas could tell a story about meeting Elvis without triggering a claim by his heirs.  Plaintiff's view of the law, driven as it is by an unreasonable extension of traditional copyright protection, is simply wrong, and adding an email to bolster an allegation that already is deemed true for purposes of the Motion to Dismiss does not change that.  This is especially true when, as here, it is obvious that the phrase "Plaintiff's story" can, in ordinary conversation, refer both to the factual events of Plaintiff's life, which cannot be copyrighted, and to his Book, which contains those events.  Obviously, since the Complaint does not allege that Defendants accessed the Book itself (only Plaintiff's "story"), these allegations are baseless and fall far short of Rule 8's pleading standards.  Even were Plaintiff's statements true – and they are not – it would not cure Plaintiff's failure to plead that Defendants had access to Plaintiff's Book, let alone that the Ad is substantially similar to *protected elements* of the Book.

////

////

////

////

////

////

////

////

9

1

**CONCLUSION**

2

Plaintiff's Response simply fails to identify any protectable content in the Book.  Every

3

"concrete element" of the Book that Plaintiff identifies is a fact that happened in Mr. Dahl's life,

4

which cannot be protected by copyright.  Plaintiff also has failed to allege that Defendants had

5

access to his Book, as opposed to uncopyrightable facts about Mr. Dahl's life, when they created

6

the Ad.  For the foregoing reasons, Defendants respectfully ask this Court to dismiss Plaintiff's

7

Complaint.

8

Respectfully Submitted,

9

10

Dated: February 12, 2015

11

12

13

By /s/  Jacob A. Reynolds

14

      Mark A. Hutchison (4639)

15

      Jacob A. Reynolds (10199)

      Hutchison & Steffen, LLC

16

      10080 West Alta Drive, Suite 200

17

      Las Vegas, NV  89145

      Telephone No: 702.385.2500

18

      Facsimile No: 702.385.2086

      mhutchison@hutchlegal.com

19

20

      Michael Dockterman

      Thomas Holt

21

      Olivia St. Clair

      STEPTOE & JOHNSON, LLP

22

      115 South LaSalle Street

      Suite 3100

23

      Chicago, IL  60603

      *Attorneys for Defendants*

24

25

26

27

28

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of Hutchison & Steffen, LLC and that on this 12th day of February, 2015, I caused the above and foregoing document entitled **DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)** to be served electronically by the court to all attorneys or parties on the Service List of the above-entitled matter through NEF pursuant to LR 5-4 and/or:

[ ] by placing same to be deposited for mailing in the United States Mail, in a sealed envelope upon which first class postage is to be prepaid in Las Vegas, Nevada; and/or

[ ] to be hand-delivered;

to the attorneys/parties listed below at the address and/or facsimile number indicated below:

Jeffrey L. Galliher (8078)
Dennett Winspear LLP
3301 North Buffalo Drive
Suite 195
Las Vegas, NV  89129
Telephone No:  (702) 839-1100
Facsimile No:  (702) 839-1113

*Attorneys for Plaintiff, Eric E. Dahl*

/s/ Jacob A. Reynolds
_____
An employee of Hutchison & Steffen, LLC