UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ERIC E. DAHL,<br><br>                    Plaintiff(s),<br><br>        v.<br><br>TOYOTA MOTOR SALES USA, INC., et al.,<br><br>                    Defendant(s). | Case No. 2:14-CV-1737 JCM (PAL)<br><br>ORDER |

Presently before the court is a motion to dismiss filed by defendants Toyota Motor Sales USA, Inc. ("Toyota"), Saatchi & Saatchi North America, Inc. ("Saatchi"), and Smuggler, Inc. ("Smuggler") (collectively "defendants"). (Doc. # 16). Plaintiff Eric Dahl (hereinafter "plaintiff") filed a response, (doc. # 20), and defendants filed a reply, (doc. # 22).

**I.    Background**

In 2013, plaintiff wrote a book entitled "B.B. King's Lucille and the Loves Before Her." Plaintiff copyrighted his book with the United States copyright office. Since the effective date of the copyright registration, plaintiff has offered the book for retail sale to the public. (Doc. # 1).

One portion of the book describes plaintiff's real-life discovery and purchase of a Gibson Lucille guitar in a pawn shop in Las Vegas in 2009 for $2,161.99. In the story, plaintiff attempts to determine the origin of the guitar and ultimately establishes that it was the original "Prototype 1" Gibson Lucille guitar presented to B.B. King on his 80th birthday in 2005. (Doc. # 1).

Mr. King had used the guitar in performances from 2005 to 2009 until it was stolen from his home. Plaintiff agreed to return the guitar to Mr. King without compensation, and arranged a meeting to present it to Mr. King. In appreciation, Mr. King arranged to have another Gibson Lucille guitar autographed and gifted to plaintiff during the meeting. (Doc. # 1).

**James C. Mahan**
**U.S. District Judge**

In 2014, Toyota began broadcasting a commercial advertisement ("the ad") for the 2015 Toyota Camry, as part of its "bold" campaign. Saatchi conceived, developed, and executed the ad pursuant to an agreement with Toyota. Smuggler produced the ad pursuant to an agreement with Saatchi and/or Toyota. (Doc. # 1).

The ad depicts a young woman who purchases a storage unit and finds an old guitar with "Lucille" written on it. The woman tracks down the previous owner, B.B. King, and reunites him with his guitar. As a result, she "hits the jackpot" when she is gifted with an autographed guitar in return. (Doc. # 1). Gibson representatives were aware of plaintiff's story, worked with defendants to develop the ad, and informed plaintiff that the ad was based on his story. (Doc. # 1).

On October 21, 2014, plaintiff filed a complaint against defendants in this court asserting claims for copyright infringement and attorney's fees and costs. (Doc. # 1). On January 15, 2015, defendants filed the instant motion. (Doc. # 16).

## II.   Legal Standard

*i.   Judicial notice*

Federal Rule of Evidence 201 provides for judicial notice of adjudicative facts. Under Rule 201(b)(2), the court may "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(2).

Rule 201(c)(2) states that the court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). The court may take judicial notice of public records if the facts noticed are not subject to reasonable dispute. *See United States v. Corinthian Colls.*, 655 F.3d 984, 998-99 (9th Cir. 2011); *see also Intri-Plex Tech., Inv. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) (citations and quotation marks omitted).

*ii.   Motion to dismiss*

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain

**James C. Mahan
U.S. District Judge**

- 2 -

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.*

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 679 (internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

. . .

. . .

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 3 -

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held,

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III.  Discussion

#### i.  Judicial notice

Over the course of their filings, the parties ask the court to take judicial notice of certain documents. The court will address each request in turn.

##### a.  Defendants' request

In their motion to dismiss, defendants ask the court to take judicial notice "that the storyline of a lost instrument found and returned to its original owner is common and prevalent in public works." (Doc. # 6). Defendants cite *Zella v. E.W. Scripps Co.*, 529 F. Supp. 2d 1124, 1129 (C.D. Cal. 2007), for the proposition that the court may take judicial notice of generic elements of creative works. The *Zella* court took judicial notice that a host, guest celebrities, an interview, and a cooking segment are all common elements of television shows. *Id.*

The court declines to take judicial notice of the storyline as requested by defendants. In support of their request, defendants filed a declaration including three exhibits. (Doc. # 18). These exhibits are copies of Google internet searches for the following phrases: "famous lost or stolen instruments," "Eric E. Dahl guitar," and "B.B. King guitars." (Doc. # 18-1). Defendants also include the substance of certain website content from these search results, including articles and an online blog post written by plaintiff. (Doc. # 18-1).

These searches and sources reference B.B. King's guitars as well as plaintiff's story. (Doc. # 18-1). However, these exhibits do not conclusively establish "that the storyline of a lost instrument found and returned to its original owner is common and prevalent in public works." (Doc. # 6).

1    Further, the court finds that the above-referenced plot is less generic than the general
2 television program elements at issue in *Zella*. 529 F. Supp. 2d at 1129. The court will therefore
3 decline to take judicial notice of these elements at this time.

    b. *Plaintiff's first request*

Next, plaintiff asks the court to take judicial notice of the copyright registration referenced in his complaint and attached to his response. (Docs. # 20, 21). This document is a matter of public record, and its authenticity has not been questioned. In fact, defendants concede that plaintiff possesses a valid copyright for the work at issue. (Doc. # 16). Accordingly, the court will take judicial notice of the copyright registration.

    c. *Plaintiff's second request*

Finally, plaintiff asks the court to take judicial notice of an email addressed to plaintiff and Mr. Pat Foley of Gibson, from Bruce Kunkel of Gibson. (Docs. # 20, 21). The email references the commercial and states that it was based in part on plaintiff's experience. This email is not an adjudicative fact subject to judicial notice. For this reason, the court will not take judicial notice of the email as requested by plaintiff.

The court will now consider the motion to dismiss on the merits.

 ii.  Motion to dismiss

Plaintiff claims that the ad constitutes a derivative work under 17 U.S.C. § 101, thus infringing plaintiff's copyright. (Doc. # 1). Defendants respond that plaintiff cannot copyright the idea in his story, only its expression. (Doc. # 16). Defendants argue that plaintiff does not allege any similar language or common expression between the works, and thus that plaintiff's claim fails as a matter of law. (Doc. # 16).

In order to state a claim of copyright infringement, a plaintiff must allege (1) ownership of a valid copyright; and (2) the defendant's copying of constituent elements of a work that are original. *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). In their motion to dismiss, defendants stipulate to plaintiff's ownership of the book. However, defendants contend that plaintiff fails to meet the copying element. (Doc. # 16).

**James C. Mahan**
**U.S. District Judge**

- 5 -

"Copying may be established by showing that the infringer had access to plaintiff's copyrighted work and that the works at issue are substantially similar in their protected elements." *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002). The court will address each of these factors in turn.

### a. Access

In the context of copyright infringement, "access" is simply defined as "an opportunity to view or copy [a] plaintiff's work." *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482 (9th Cir. 2000) (quoting *Sid & Marty Krofft Tele. Prods., Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1172 (9th Cir. 1977)). However, a plaintiff cannot prove this element by a mere showing that a defendant had a "bare possibility" of access to the work. *Jason v. Fonda*, 698 F.2d 966, 967 (9th Cir. 1982).

Instead, a plaintiff must provide evidence that rises above the level of speculation and conjecture, showing that the defendant had a "reasonable possibility" of accessing the protected work. *See Three Boys Music Corp.*, 212 F.3d at 482. A plaintiff can demonstrate that an alleged infringer had access by providing evidence of a "particular chain of events . . . between the plaintiff's work and the defendant's access to that work" or by showing that "the plaintiff's work has been widely disseminated." *Id.*

Plaintiff alleges that Gibson representatives were aware of plaintiff's story, as well as the fact that he had published and copyrighted it. Plaintiff states that the same Gibson representatives worked with defendants to develop the ad. According to plaintiff's complaint, Gibson representatives told plaintiff that the ad was based on plaintiff's story. Plaintiff contends that as a result, defendants had access to his story. (Doc. # 1).

Defendants contend that while plaintiff alleges that the ad was based upon the underlying facts of plaintiff's story, plaintiff fails to plead that defendants had access to plaintiff's book. (Doc. # 16). Defendants' argument fails. First, plaintiff adequately pleads a chain of events that, taken as true, makes access to plaintiff's book plausible. Second, plaintiff also alleges that his book was available for retail sale. (Doc. # 1). Whether and to what extent these factual allegations are true are matters to be explored through discovery.

**James C. Mahan**
**U.S. District Judge**

- 6 -

Taking plaintiff's well-pled factual allegations as true, the court finds that plaintiff adequately pleads access. It is plausible based on the face of plaintiff's complaint that defendants had access to plaintiff's copyrighted work. Accordingly, the court will now address the second prong of the test for copying to determine whether plaintiff's complaint states a claim for copyright infringement.

        *b. Substantial similarity*

In order to determine whether two works are substantially similar, the Ninth Circuit utilizes a two-part analysis. *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002). First, the court uses an "extrinsic test" to observe objective criteria and analytically dissect the two works. *Id.* The court then performs an "intrinsic test" to determine "whether the ordinary, reasonable audience would find the works substantially similar in the total concept and feel of the works." *Id.* (internal quotation marks and citation omitted). With both of these tests, the court "must take care to inquire only whether the protectable elements, standing alone, are substantially similar." *Id.* (internal quotation marks and citation omitted).

While applying the extrinsic test, the court specifically observes "articulable similarities between the plot, themes, dialogue, mood, setting, pace, characters, and sequence of events" of the two works. *See, e.g.*, *Kouf v. Walt Disney Pictures & Television*, 16 F.3d 1042, 1045 (9th Cir. 1994). However, "ideas" and "concepts" are not copyrightable, nor are "themes" and "scenes-a-faire," and therefore these elements must be excluded from the comparison. *Cavalier*, 297 F.3d at 823. The court should determine only whether "the protectable elements, standing alone, are substantially similar." *Id.* at 822 (citation omitted).

In the instant motion, defendants argue that plaintiff's complaint fails because concepts and ideas may not be copyrighted. (Doc. # 16). In support of their motion to dismiss, defendants state that "[t]he concept of a musician who loses a musical instrument which is later found and returned is not unique to [p]laintiff, nor can he claim copyright protection over all such stories." (Doc. # 16).

Defendants are correct that "[g]eneral plot ideas are not protected by copyright law . . . . Familiar stock scenes and themes that are staples of literature are not protected." *Berkic v.*

**James C. Mahan**
**U.S. District Judge**

- 7 -

1. *Crichton*, 761 F.2d 1289, 1293 (9th Cir. 1985). However, defendants misapply this rule of law to plaintiff's complaint. The Ninth Circuit's test for substantial similarity shows that although general themes and ideas are not copyrightable, parallels to more specific elements of a particular expression are protected.

Plaintiff's complaint adequately alleges similarities between the plot, characters, and sequence of events, among other factors, of the two works. (Doc. # 1). In assessing copyright infringement claims on this prong, courts in the Ninth Circuit will evaluate these protected elements to determine substantial similarity. *See, e.g.*, *Shaw v. Lindheim*, 919 F.2d 1353, 1357-58 (9th Cir. 2003) (finding genuine issue of material fact between stories with similar main characters and parallel plots, despite minimal factual distinctions); *Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1176-77 (9th Cir. 2003) (affirming summary judgment upon finding that dialogue, settings, and plot were not sufficiently similar); *Kouf*, 16 F.3d at 1045-46 (same).

The parties in this case have not yet reached the summary judgment phase. Accordingly, an extensive comparison of the works to determine whether substantial similarity is met is inappropriate at this time. *Compare Zella v. E.W. Scripps Co.*, 529 F. Supp. 2d 1124, 1139 (C.D. Cal. 2007) (granting motion to dismiss where plaintiff failed to plead non-generic elements, alleging infringement based on idea of celebrity cooking talk show). Defendants' exhibits A and B, which are copies of the relevant chapters of plaintiff's book and a DVD copy of defendants' commercial, do not change this result. *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) ("[A] court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned.").

In the present case, plaintiff alleges that the ad presents "an adapted visual interpretation of the story." While the main character in defendants' ad is female, plaintiff alleges that she finds an old guitar belonging to B.B. King, returns it to him, and is rewarded with an autographed guitar similar to plaintiff's own story. (Doc. # 1). These allegations state a plausible claim for relief and are therefore sufficient to survive Rule 12(b)(6) dismissal pursuant to the legal standard above. The motion to dismiss will be denied as to plaintiff's first cause of action.

. . .

**James C. Mahan**
**U.S. District Judge**

- 8 -

            *c.  Plaintiff's claim for attorney's fees*

Defendants argue that plaintiff's second cause of action for attorney's fees fails because it relies on the success of his claim for copyright infringement.  (Doc. # 16).  As the court has held, plaintiff's complaint states a plausible claim for copyright infringement.  Accordingly, the court will not dismiss plaintiff's claim for attorney's fees at this time.

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to dismiss, (doc. # 16), be, and the same hereby is, DENIED.

DATED March 10, 2015.

                                            _____
                                            UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**