Mark A. Hutchison (4639)
Jacob A. Reynolds (10199)
Hutchison & Steffen, LLC
10080 West Alta Drive, Suite 200
Las Vegas, NV 89145
Telephone: 702.385.2500
Facsimile: 702.385.2086
mhutchison@hutchlegal.com

Michael Dockterman (pro hac vice to be filed)
Olivia G. St. Clair (pro hac vice to be filed)
Steptoe & Johnson LLP
115 S. LaSalle Street, Suite 3100
Chicago, IL 60603
Telephone: 312.577.1300
Facsimile: 312.577.1370
mdockterman@steptoe.com

*Attorneys for Defendants*
*Toyota Motor Sales USA, Inc., Saatchi & Saatchi*
*North America, Inc., and Smuggler, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ERIC E. DAHL, an individual, | Case No.: 2:14-cv-01737-JCM-PAL |
| Plaintiff, | **DEFENDANTS' ANSWER TO COMPLAINT OF PLAINTIFF ERIC E. DAHL** |
| vs. | |
| TOYOTA MOTOR SALES USA, INC., A California corporation, SAATCHI & SAATCHI NORTH AMERICA, INC., a Delaware corporation; SMUGGLER, INC., a California corporation, DOES 1 through X; and ROE CORPORATIONS 1 through X, inclusive, | |
| Defendants. | |

1

Answer to Complaint

For their answer to Plaintiff's Complaint, Defendant Toyota Motor Sales, U.S.A., Inc., Defendant Saatchi & Saatchi North America, Inc. and Defendant Smuggler, Inc., (collectively, "Defendants") respond as follows:

## I. PARTIES AND JURISDICTION

1. That at all times mentioned herein, Plaintiff, ERIC E. DAHL, (hereinafter "Dahl" or "Plaintiff") was a resident of the State of Nevada or the State of Tennessee.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1, but state affirmatively that Plaintiff has failed to allege his citizenship of one state.

2. That at all times mentioned herein, Defendant, TOYOTA MOTOR SALES, U.S.A., INC., (hereinafter "Toyota" or "Defendant") was and is, upon information and belief, a corporation duly formed and existing under the laws of California with its principal place of business at 19001 South Western Avenue, Torrance, California 90501.

**ANSWER:** Defendant Toyota admits the allegations of Paragraph 2.

3. That at all times mentioned herein, Defendant, SAATCHI & SAATCHI NORTH AMERICA, INC., (hereinafter "Saatchi" or "Defendant") was and is, upon information and belief, a corporation duly formed and operating pursuant to the laws of Delaware with its principal place of business at 3501 Sepulveda Blvd., Torrance, California 90505.

**ANSWER:** Defendant Saatchi admits the allegations of Paragraph 3.

4. That at all times mentioned herein, Defendant, SMUGGLER, INC., (hereinafter "Smuggler" or "Defendant") was and is a corporation duly formed and operating pursuant to the laws of California with its principal place of business at 823 Seward Street, Los Angeles, California 90038.

**ANSWER:** Defendant Smuggler admits the allegations of Paragraph 4.

5. That the true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants as herein alleged as DOES 1 through 20, and ROE COMPANIES 1 through 20, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as DOE is responsible in some manner for the events and happenings referred to and caused damages proximately to Plaintiff as herein alleged, and Plaintiff will ask leave of the Court to amend the Complaint to insert the true names and capacities of DOES 1 through 20, ROE COMPANIES 1 through 20, and ROE CORPORATIONS 1 through 20, when the same have been ascertained, and join such Defendants in this action.

ANSWER: Paragraph 5 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 5.

6. This Court has original and subject matter jurisdiction of this action under 28 USC §1338(2) because the action arises under the Copyright Act, 17 USC §§ 101 et seq. and under 28 USC §1332 as the Plaintiff and Defendants, and each of them, are domiciled in different states and the amount in controversy exceeds $75,000.00. The court has personal jurisdiction over the defendants pursuant to NRS 14.065 as such jurisdiction is not inconsistent with the United States or Nevada Constitutions. Venue is proper because this action relates to and arises out of conduct which occurred, in whole or in part, in the County of Clark, State of Nevada.

ANSWER: Defendants admit that this Court has personal jurisdiction over each of them. The remainder of Paragraph 6 states legal conclusions to which no responses are required. To the extent responses are required, Defendants deny the allegations of Paragraph 6.

## II. GENERAL ALLEGATIONS

7. In 2013 Plaintiff authored a book titled "B. B. King's Lucille and the Loves Before Her" (hereinafter, "the Book.")

ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7.

8. The Book was Copyrighted by Plaintiff Eric E. Dahl under Registration Number TX 7-912-552 with the United States Copyright Office. A true and correct copy of the U.S. Copyright registration is attached hereto. Since the effective date of the Copyright registration Plaintiff has offered the book for sale to the public through various retail outlets.

ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8.

9. In Chapters 25, 26 and 27 of the Book the Plaintiff tells a very specific story wherein he discovered and purchased a Gibson Lucille guitar in a pawn shop in Las Vegas in 2009 for $2,161.99. He further describes his efforts in determining the origin of the guitar. Ultimately, he established that the Gibson Lucille purchased by Plaintiff was the original "Prototype 1" 80th Birthday Gibson Lucille which had been presented to B. B. King on the occasion of his 80th birthday in 2005. Mr. King had used that guitar in his performances between 2005 and the summer of 2009 when the guitar was stolen from his home. Plaintiff agreed to return the guitar to Mr. King without compensation and a meeting was arranged in November of 2009 where the Plaintiff went to Mr. King's office and presented the recovered guitar to Mr.

King personally. In appreciation, Mr. King had arranged to have another Gibson Lucille present which he autographed and gifted to Plaintiff during the meeting.

**ANSWER:** Defendants deny that the events recounted in Chapters 25, 26, and 27 of the Book, and repeated in this Paragraph, constitute "a very specific story." Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that the Book recounts an event in Mr. Dahl's life as described in the allegations of Paragraph 9. Defendants deny each and every other allegation of Paragraph 9.

10. In 2014 Toyota began broadcasting a certain television advertisement for the 2015 Toyota Camry ("the Ad") as part of its "Bold" campaign. Upon information and belief the Ad was conceived, developed and executed by defendant Saatchi pursuant to an agreement with Toyota. Upon further information and belief the Ad was produced by defendant Smuggler pursuant to an agreement with Saatchi and/or Toyota.

**ANSWER:** Defendants admit the allegations of Paragraph 10.

11. The Ad, which was created for commercial use, presented an adapted visual interpretation of the story contained in Chapters 25, 26 and 27 of the Book. Specifically, the Ad depicts a young woman who purchases a storage unit and, according to the voice over narration, "found an old guitar" (with "Lucille" written on it), "tracked down the previous owner" (who was B. B. King) "reunited them" and "hit the jackpot" (when she was gifted with an autographed guitar by Mr. King in return).

**ANSWER:** Defendants admit that the Ad was created for commercial use. Defendants deny that the Ad "presented an adapted visual interpretation of the story contained in Chapters 25, 26 and 27 of the Book." Defendants admit that the Ad depicts a young woman who purchases a storage unit, and that the Ad's voice over narration states that she "found an old guitar", "tracked down the previous owner", "reunited them", and "hit the jackpot". Defendants admit that B.B. King and a guitar with the word "Lucille" written on it both appeared in the Ad. Defendants deny all remaining allegations of Paragraph 11.

12. Upon information and belief representatives of Gibson who were aware of the story of Plaintiff finding and returning B.B. King's Lucille, and that he had published and copyrighted the story, worked with defendants in developing the Ad. Those representatives have communicated to the Plaintiff that the Ad was, in fact, based upon Plaintiff's story. As a result

the defendants had access to the story as related in the Book.

ANSWER: Defendants deny each and every allegation of Paragraph 12.

### III. FIRST CLAIM FOR RELIEF

13. Plaintiff hereby incorporates Paragraphs 1 through 12 of the Complaint as though said paragraphs were fully set forth and incorporates the same herein by reference.

ANSWER: Defendants repeat and incorporate by reference all of their responses in the above paragraphs as if fully set forth herein.

14. That the Ad constitutes a derivative work of the copyrighted work as defined in 17 USC §1 01 and was for commercial use.

ANSWER: Defendants admit that the Ad was created for commercial use, and deny each and every remaining allegation of Paragraph 14.

15. That pursuant to 17 USC §106(2), as the author and registered copyright holder of the Book, Plaintiff has the exclusive right to create derivative works from his copyrighted material, including the Book.

ANSWER: Paragraph 15 states a legal conclusion, to which no response is required

16. That the creation and publication of the Ad constitutes an unauthorized infringement upon Plaintiff's copyright.

ANSWER: Defendants deny each and every allegation of Paragraph 16.

17. That the Plaintiff has not issued or otherwise granted a license or other permission to the Defendants or others to use his copyrighted work for any purpose.

ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 and affirmatively state that Plaintiff Dahl introduced the facts described in the Book, as opposed to any protected expression of those facts, into the public domain, impliedly licensing the use of those facts, and deny all contrary allegations of Paragraph 17.

18. That Plaintiff is entitled to recover damages from the Defendants, and each of them, in an amount equal to any profits of the Defendants attributable to the infringement pursuant to 17 USC §504(b) or, statutory damages up to $150,000.00 per Defendant in

1 | accordance with 17 USC 504(c) in an amount to be determined at trial.

**ANSWER:** Defendants deny each and every allegation of Paragraph 18.

19. That it has been necessary for Plaintiff to retain the services of an attorney to prosecute this action, and Defendants should be required to pay reasonable attorneys' fees and costs of prosecuting same.

**ANSWER:** Defendants deny each and every allegation of Paragraph 19.

### IV. SECOND CLAIM FOR RELIEF

#### (Attorneys' Fees and Costs)

20. Plaintiff hereby incorporates Paragraphs 1 through 19 of the Complaint as though said paragraphs were fully set forth and incorporates the same herein by reference.

**ANSWER:** Defendants repeat and incorporate by reference all of its responses in the above paragraphs as if fully set forth herein.

21. Defendants' conduct has made it necessary for Plaintiff to file the instant action in defense of his copyrights in the Book.

**ANSWER:** Defendants deny each and every allegation of Paragraph 21.

22. Pursuant to 17 USC §505 Plaintiff is entitled to recover his reasonable costs and attorneys' fees incurred in the prosecution of this action.

**ANSWER:** Defendants deny each and every allegation of Paragraph 22.

23. That it has been necessary for Plaintiff to retain the services of attorneys to prosecute this action, and Defendants should be required to pay reasonable attorneys' fees and costs of prosecuting same.

**ANSWER:** Defendants deny each and every allegation of Paragraph 23.

### AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim on which relief can be granted.

2. Plaintiff's claims are barred by the doctrine of unclean hands.

3. Plaintiff's claims are barred, since they attempt to assert copyright protection over non-copyrightable elements.

4. Defendants' work is an independent creation, and therefore does not infringe on Plaintiff's copyright.

5. Defendants' work constitutes fair use, and therefore does not infringe on Plaintiff's copyright.

Respectfully submitted,

Dated: April 6, 2015

By: /s/ Jacob A. Reynolds
Mark A. Hutchison (4639)
Jacob A. Reynolds (10199)
Hutchison & Steffen, LLC
10080 West Alta Drive, Suite 200
Las Vegas, NV 89145
Telephone: 702.385.2500
Facsimile: 702.385.2086
mhutchison@hutchlegal.com

and

Michael Dockterman (pro hac vice to be filed)
Olivia G. St. Clair (pro hac vice to be filed)
Steptoe & Johnson LLP
115 S. LaSalle Street, Suite 3100
Chicago, IL 60603
Telephone: 312.577.1300
Facsimile: 312.577.1370
mdockterman@steptoe.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5 and LR 5-1, I certify that I am an employee of Hutchison & Steffen, LLC and that on the 6th day of April, 2015 the foregoing was served upon the parties via CM/ECF to the following parties:

>Jeffrey L. Galliher, Esq.
>jgalliher@dennettwinspear.com
>Dennett Winspear, LLP
>3301 N. Buffalo Drive, Suite 195
>Las Vegas, NV 89129

/s/ Bobbie Benitez
_____
An employee of Hutchison & Steffen